UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SETH ANDERSON,

                                   Plaintiff,

    -against-

ANGEL REYNOSO; and JOHN and JANE DOE 1-
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                   Defendants.

------------------------------------------------------------------------X

***COMPLAINT AND***
***JURY DEMAND***

Docket No.
15-cv-10081

ECF CASE

Plaintiff Seth Anderson, by his attorney Cary London, Esq., of London Indusi LLP, for

his complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

2. The claim arises from a December 13, 2013 incident in which Defendants, acting

under color of state law, unlawfully arrested Mr. Anderson without probable cause. Mr.

Anderson initially spent approximately 32 hours unlawfully in police custody. After more than

20 court appearances, Mr. Anderson was found not guilty after trial.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Seth Anderson ("Mr. Anderson") resided at all times here relevant in Bronx County, City and State of New York. Mr. Anderson was employed for twelve years at Bronx Lebanon Hospital, until this arrest, when he was terminated.

8. Defendant Angel Reynoso, Shield No. 7065 ("Reynoso") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Reynoso was, at the time relevant herein, a Detective under Shield # 7065 of Bronx Narcotics. Defendant Reynoso is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

2

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On November 26, 2014, at approximately 7:00 a.m., Mr. Anderson was at his mother's house when he received a call on his cell phone from his Landlord, Michael Tirotta, telling him the Police were at his apartment.

13. Mr. Anderson left his mother's house and went to his apartment located at 1955 Sedgewick Avenue, Apt #3E, in Bronx County, City and State of New York.

14. When Mr. Anderson arrived at his apartment, Defendant Reynoso and Defendant John Does were inside Plaintiff's apartment.

15. Mr. Anderson was not committing any crime or violating any law or local ordinance.

16. Defendant Reynoso asked for Identification and Mr. Anderson complied.

17. Defendant Reynoso then told Plaintiff to turn around and get against the wall.

18. Defendants, including Reynoso, then unlawfully handcuffed Plaintiff.

19. The Defendants did not observe Mr. Anderson commit any crime or infraction.

20. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Anderson.

21. Mr. Anderson did not resist arrest.

22. Defendants, including Defendant Reynoso, searched his person without his authority

or permission.

23. No contraband or anything of illegality was found on Mr. Anderson.

24. Defendants, including Reynoso, placed Mr. Anderson under arrest and transported him to central bookings.

25. Defendants, including Defendant Reynoso, conveyed false information to prosecutors in order to have Mr. Anderson prosecuted for Criminal Possession of a Controlled Substance in the Third Degree.

26. Mr. Anderson was unlawfully held in police custody for approximately 32 hours before being arraigned on those charges.

27. At arraignments, the Judge released Mr. Anderson on his own recognizance, and the matter was adjourned.

28. Mr. Anderson lost his job at Bronx Lebanon Hospital as a result of this arrest.

29. Mr. Anderson had been working at Bronx Lebanon Hospital for twelve years prior to this arrest.

30. Defendants, including Defendant Reynoso, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Anderson's arrest, including a false claim they had observed Mr. Anderson possess drugs.

31. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

32. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Anderson possessed drugs on December 13, 2013.

33. Mr. Anderson went back to court approximately 22 times before a trial took place.

4

34. Defendants, including Defendant Reynoso, repeatedly gave untruthful and false testimony at trial in connection with the unlawful prosecution of Mr. Anderson.

35. Mr. Anderson testified truthfully at his trial.

36. Mr. Anderson was found not guilty of all charges after trial.

37. Notwithstanding the fact that Mr. Anderson was not found guilty on the charges against him, the identification of Mr. Anderson as a person involved in the possession of drugs by Defendants would likely influence a jury's decision.

38. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Anderson without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Anderson without probable cause.

39. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Anderson and violate his civil rights.

40. As a direct and proximate result of the acts of Defendants, Mr. Anderson suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

41. The above paragraphs are here incorporated by reference as though fully set forth.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

5

damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

46. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

50. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

51. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Anderson possessed drugs.

55. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

56. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

58. The above paragraphs are here incorporated by reference as though fully set forth.

59. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 28, 2015
        Brooklyn New York                         Respectfully submitted,


                                                _____/s/ Cary London_____
                                                *Cary London, Esq.*
                                                Bar Number: CL2947
                                                Attorney for Mr. Anderson
                                                London Indusi LLP
                                                186 Joralemon Street, Suite 1202
                                                Brooklyn, NY 11201
                                                (718) 301-4593 – Phone
                                                (718) 247-9391 – Fax
                                                Cary@LondonIndusi.com